**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 114102

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Clease Allen, Mary Altonen, and Igor Sidorkin, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Advanced Call Center Technologies, LLC, <br><br> Defendant. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Clease Allen, Mary Altonen, and Igor Sidorkin, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Advanced Call Center Technologies, LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Clease Allen is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff Mary Altonen is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiff Igor Sidorkin is an individual who is a citizen of the State of New York residing in Kings County, New York.

8. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

9. On information and belief, Defendant Advanced Call Center Technologies, LLC, is a Tennessee Limited Liability Company with a principal place of business in Washington County, Tennessee.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

12. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

13. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

14. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

15. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

16. In its efforts to collect the debt alleged owed by Plaintiff Allen, Defendant contacted Plaintiff Allen by letter ("the Allen Letter") dated May 10, 2017. ("**Exhibit 1**.")

17. In its efforts to collect the debt alleged owed by Plaintiff Altonen, Defendant contacted Plaintiff Altonen by letter ("the Altonen Letter") dated May 15, 2017. ("**Exhibit 1**.")

18. In its efforts to collect the debt alleged owed by Plaintiff Sidorkin, Defendant contacted Plaintiff Sidorkin by letter ("the Sidorkin Letter") dated February 19, 2018. ("**Exhibit**

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**1**.")

19. The Allen Letter was the initial communication Plaintiff Allen received from Defendant.

20. The Altonen Letter was the initial communication Plaintiff Altonen received from Defendant.

21. The Sidorkin Letter was the initial communication Plaintiff Sidorkin received from Defendant.

22. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

### FIRST COUNT
### Violation of 15 U.S.C. §§ 1692e and 1692g
### Amount of the Debt
### AS TO ALL THREE INDIVIDUAL PLAINTIFFS

23. Plaintiff repeats and reallege the foregoing paragraphs as if fully restated herein.

24. Plaintiff Allen's Debt was incurred on a JCPenney credit card underwritten by Synchrony Bank.

25. Plaintiff Altonen's Debt was incurred on a QCARD credit card underwritten by Synchrony Bank.

26. Plaintiff Sidorkin's Debt was incurred on a PayPal Extras credit card underwritten by Synchrony Bank.

27. The Allen Letter sets forth a "Total Account Balance" of $1,005.00 and an "Amount Now Due" of $298.00.

28. The Altonen Letter sets forth a "Total Account Balance" of $1,532.00 and an "Amount Now Due" of $278.00.

29. The Sidorkin Letter sets forth a "Total Account Balance" of $633.08 and an "Amount Now Due" of $178.00.

30. The subject Letters each state, "Synchrony Bank may continue to add interest and fees as provided in your agreement. If you pay the balance shown above, an additional payment may be necessary to pay your account balance in full. Because of interest, late charges, credits or other charges that may vary from day to day, the amount due on the day you pay may differ. For further information call 877-597-1385."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

31. The Letters fail to provide information that would allow Plaintiffs to determine what they will need to pay to resolve the debt at any given moment in the future.

32. The Letters fail to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve any of the subject debts at any given moment in the future.

33. The Letters fail to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

34. For instance, the Letters fail to indicate the applicable interest rate.

35. For instance, the Letters fail to indicate the date of accrual of interest.

36. For instance, the Letters fail to indicate the amount of interest during any measurable period.

37. The Letters fail to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

38. The Letters fail to state what parts of the amounts stated are attributable to principal.

39. The Letters fail to state what parts of the amounts stated are attributable to interest.

40. The Letters fail to state what parts of the amounts stated are attributable to late fees.

41. The Letters fail to state what parts of the amounts stated are attributable to other fees.

42. The Letters fail to state that the creditor will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

43. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

44. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

45. The Letters, because of the aforementioned failures, and especially because the use of the word "may," as it appears in the statement transcribed in Paragraph 30, *supra*, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

46. The Letters, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

47. The Letters, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

48. The Letters, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

49. The Letters, because of the aforementioned failures, violate 15 U.S.C. § 1692e and 15 U.S.C. § 1692g.  *See Balke v. Alliance One Receivables Management, Inc.*, No. 16-cv-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

### SECOND COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts
### AS TO ALL THREE INDIVIDUAL PLAINTIFFS

50. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

51. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

52. The written notice must contain the amount of the debt.

53. The written notice must contain the name of the creditor to whom the debt is owed.

54. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

55. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed,

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

56. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

57. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

58. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

59. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

60. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

61. The Letters each state, "If the Amount Currently Due is paid to Synchrony Bank and your account is brought up to date, we will stop our collection activity."

62. This statement overshadows Plaintiffs' absolute rights to dispute their respective debts.

63. This statement overshadows Plaintiffs' absolute rights to seek validation of their respective debts.

64. Pursuant to 15 U.S.C. § 1692g(b), if any of the Plaintiffs exercises the foregoing rights, Defendant must stop its collection efforts as a matter of law until Defendant satisfies such validation request.

65. Such duty to stop collection efforts is not contingent upon Plaintiffs making any payments to Defendant.

66. Defendant's letters would likely make the least sophisticated consumer uncertain as to her rights.

67. Defendant's letters would likely make the least sophisticated consumer confused as to her rights.

6

68. Defendant's letters would likely mislead the least sophisticated consumer into believing that the only way to make Defendant stop its collection efforts is to remit payment, contrary to law.

69. Defendant violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts
### AS TO ALL THREE INDIVIDUAL PLAINTIFFS

70. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

71. As explained in the previous Count, a collection activity overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" confused or uncertain as to her rights.

72. A collection letter overshadows the validation notice if it is formatted in a manner such that the validation notice is visibly inconspicuous.

73. The subject Letters each present the relevant account information, including the "Total Account Balance" and the "Amount Now Due," at both the top and bottom of the Letter in a much larger typeface than the body of the Letter.

74. The Letters state the words "Total Account Balance" and "Amount Now Due" in all capital letters.

75. The statutorily prescribed validation notice does not appear until the sixth paragraph of the body of each Letter.

76. The statutorily prescribed validation notice is visually inconspicuous.

77. The Letters do not contain any kind of transitionary language, such as "See Important Notice Below," directing Plaintiffs' attention to the statutorily prescribed validation notice.

78. The manner in which Defendant's Letters are formatted would likely make the least sophisticated consumer uncertain as to her rights.

7

79. The manner in which Defendant's letters are formatted would likely make the least sophisticated consumer confused as to her rights.

80. The manner in which Defendant's letters are formatted would likely make the least sophisticated consumer overlook her rights.

81. Defendant violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**
**AS TO ALL THREE INDIVIDUAL PLAINTIFFS**

82. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

83. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

84. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

85. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

86. The question of whether a collection letter is deceptive is determined from the perspective of the least sophisticated consumer.

87. Defendant's Letters could be reasonably, but inaccurately, interpreted by the least sophisticated consumer to mean that the only way to make Defendant stop its collection efforts is to remit payment.

88. Conversely, Defendant's Letters could be reasonably interpreted by the least sophisticated consumer to mean that if the validity of the debt is disputed, collection efforts will not resume until Defendant obtains verification of the debt, or a copy of a judgment, and mails the consumer a copy of such judgment or verification.

89. Because the Letters are reasonably susceptible to two or more different meanings by the least sophisticated consumer, one of which inaccurate, the Letters are deceptive within the meaning of the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

90. The least sophisticated consumer would likely be deceived by Defendant's conduct.

91. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

92. Defendant has violated 15 U.S.C. § 1692e by using a false, deceptive, and misleading representation in its attempt to collect the subject debts.

## CLASS ALLEGATIONS

93. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a form collection letter substantially similar to those at issue herein, from one year before the date of this Complaint to the present.

94. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

95. Defendant regularly engages in debt collection.

96. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a form collection letter substantially similar to those at issue herein.

97. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

98. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

9

99. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

100. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiffs' costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: May 11, 2018

**BARSHAY SANDERS, PLLC**

By:  */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 114102

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

Case 2:18-cv-02873-RRM-AYS   Document 1   Filed 05/14/18   Page 11 of 11 PageID #: 11